IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHAUN DUCREPIN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION,<br><br>Defendant. | Case No. 3:24-cv-00545<br>Judge Aleta A. Trauger |
| DULCIE WALKER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SEATING AND MOBILITY, LLC d/b/a NUMOTION,<br><br>Defendant. | Case No. 3:24-cv-00581<br>Judge William L. Campbell, Jr.<br>Mmag. Judge Jeffrey S. Frensley |

## MOTION TO CONSOLIDATE AND APPOINT INTERIM LEAD COUNSEL

Plaintiffs Shaun Ducrepin and Dulcie Walker, by and through the undersigned counsel, respectfully move the Court for an Order consolidating the above-captioned matters and appointing J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC, as interim lead counsel. Defendant has consented to consolidation and takes no position regarding Plaintiffs' motion for the appointment of interim lead counsel. Moreover, the Parties agree that Plaintiffs should have thirty days from the Court's Order to file a Consolidated Class Action Complaint, and Defendant shall have thirty days from the filing of the Consolidated Class Action Complaint to respond.

1

## I. Introduction

This litigation arises from a data breach on Defendant's information systems and its failure to implement reasonable cybersecurity safeguards, which Plaintiffs allege resulted in the unauthorized disclosure of their protected health information ("PHI") and personally identifiable information ("PII") to cybercriminals bent on identity theft and fraud. To remedy the harms caused by Defendant's failure to adhere to its duty of care, Plaintiff Shaun Ducrepin filed a putative class action on May 2, 2024. Case number 3:24-cv-00545. Alleging the same failures, Plaintiff Dulcie Walker filed a subsequent class action complaint on May 8, 2024. Case number 3:24-cv-00581.

The two cases present the same questions of fact and law. In *Walker*, Plaintiff alleges that Defendant experienced a cyberattack between February 29, 2024, and March 2024, in which Defendant allowed—through its failures to abide by its duty of care—cybercriminals access sensitive PII and PHI. *Walker v. United Seating & Mobility, LLC*, No. 3:24-cv-00581 (M.D. Tenn.), at ECF 1, ¶¶ 1, 3–4 (hereinafter "*Walker* Complaint"). Plaintiff Shaun Ducrepin alleges the same but adds that the class size is approximately 4,190 individuals and that the exposure included class members' names, dates of birth, social security numbers, and employment information. *Ducrepin v. United Seating & Mobility, LLC*, No. 3:24-cv-00545 (M.D. Tenn.), at ECF 1, ¶ 1 (hereinafter "*Ducrepin* Complaint").

The Class definitions are also virtually identical. In *Ducrepin*, the Class is defined as "All persons whose PII was compromised as a result of the Data Breach experienced by Numotion beginning on February 29, 2024, as announced by Numotion, including all persons who received the Data Breach Notice." *Ducrepin* Complaint, ¶ 116. In *Walker*, the Class is defined as "All individuals whose PII and/or PHI was accessed and/or acquired by an unauthorized party in the

Data Breach, including all who were sent a notice of the Data Breach." *Walker* Complaint, ¶ 111. Though these class definitions use slightly different language, they are effectively identical.

The claims presented are also similar. In *Ducrepin*, Plaintiff brings claims for negligence, breach of implied contract, unjust enrichment, breach of confidence, invasion of privacy, and bailment. In *Walker*, Plaintiff brings claims for negligence, negligence per se, breach of fiduciary duty, and breach of implied contract. Though these complaints may name some different claims, they both seek the same result—to redress Plaintiffs' harms caused by Defendant's failure to implement reasonable cybersecurity safeguards leading to the Data Breach.

To promote the efficient resolution of both matters, Plaintiffs request consolidation of the two cases into the first-filed matter. As of the date of this filing, Plaintiffs are unaware of any other class actions that have been filed related to Defendant's data breach. Plaintiffs further request that J. Gerard Stranch, IV, be appointed interim lead counsel.

**II.      Argument**

      **a.  The Court Should Consolidate the *Ducrepin* and *Walker* cases.**

The Court should consolidate the *Ducrepin* and *Walker* cases because they present the same questions of law and fact. Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Whether cases involving common factual and legal issues should be consolidated for trial is a matter within the discretion of the trial court." *Hiley v. CorrectCare Integrated Health, Inc.*, Nos. 5:22-cv-319 & 5:23-cv-021, 2023 WL 2167376, at *2 (E.D. Ky. Feb. 22, 2023). If the court determines that common questions of law or fact exist, the court must also consider (1) whether any prejudice or confusion are

3

Case 3:24-cv-00545     Document 19     Filed 06/06/24     Page 3 of 11 PageID #: 109

outweighed by risks of inconsistent determinations of those common questions; (2) the burdens that litigating multiple cases my place on litigants, witnesses, and the judicial system, including the time required to resolve multiple suits; and (3) the expense to all parties of litigating a single action versus multiple disparate cases. *Id.*

Here, common questions of law and fact predominate over the two cases. Indeed, the two cases are virtually identical in that they challenge the same conduct and failures by Defendant, and they concern the same underlying data breach. Indeed, the only difference in these cases is that the two complaints identify some different claims. Nevertheless, these claims are not inconsistent and can be combined into a consolidated class action complaint. Moreover, as is evidenced by Defendant's consent to consolidation and Plaintiffs' counsel's agreement, consolidation will provide no prejudice to any party. Decl. of J. Gerard Stranch, IV, ¶¶ 3–4. Further, any prejudice is nevertheless minimal given that both cases remain in the early stages of litigation, with both being filed in the first few days of May 2024. Moreover, given that all Parties consent to, or prefer, consolidation, there is no need to incur the added expense of duplicate discovery and motion practice, which would only serve to waste time, monetary resources, and judicial resources without adding any benefit to the proposed class. Lastly, if both cases proceed to a trial, the Parties risk disparate factual findings of the same questions and potentially inconsistent liability rulings.

For these reasons, consolidation of these two cases into the first-filed action is the superior option for ensuring consistent rulings and findings of fact while ensuring the most efficient resolution. The Court should grant Plaintiffs' motion and consolidate these actions.

    b. **The Court Should Appoint J. Gerard Stranch, IV as Interim Lead Counsel.**

The Court has inherent authority and procedural authority to choose an interim lead counsel and the ultimate choice lies within the Court's discretion. *In re Wendy's Co. Shareholder*

*Derivative Action*, 44 F.4th 527, 532 (6th Cir. 2022); Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). "Designation of a []leadership structure eliminates uncertainty regarding who will be primarily responsible for leading the consolidated action." *Hiley*, 2023 WL 2167376, at *2. In class action, the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (quoting Manual for Complex Litigation (Fourth) § 21.11 (2022)).

In exercising that authority, "the district court should select the counsel who will best honor the interests of the plaintiffs litigating on behalf of the [class]." *Id.* at 533. In determining whether the proposed counsel will properly serve the class, the court should consider "counsel's qualifications and experience, counsel's ability to work cooperatively with opposing counsel and the court, the nature of the causes of action alleged, the quality of the pleadings, and any prior agreements among the parties." *Id.* Moreover, in determining the appropriate counsel to lead the class, district courts "customarily assess applicants under the rubrics for appointment of permanent class counsel" as provided for in Rule 23(g)(1)(A). *In re BGH Data Sec. Litig.*, No. 6:22-cv-00150, 2023 WL 10554429, at *1 (E.D. Ky. Mar. 17, 2023). Those metrics likewise analyze proposed counsel's experience in similar class actions, counsel's knowledge of the relevant law, any investigations performed regarding the claims presented, and the resources that counsel will bring to bear on the case. Fed. R. Civ. P. 23(g)(1)(A).

1. Proposed Interim Lead Counsel Has Thoroughly Investigated the Claims and Defenses Presented Here and is Committed to Continuing Those Efforts.

Plaintiffs' counsel, including Mr. Stranch and his firm, have thoroughly investigated this action and the relevant case law that establishes the basis for Defendant's liability. Decl. of J.

Gerard Stranch, IV, ¶ 5 These tasks included case law and statutory research, review of all information in the public domain regarding the underlying Data Breach, communications and interviews with prospective class representatives, and a review of any and all available information stating or implying Defendant's failures in this matter. *Id*. The investigation and determinations have been informed by the various attorneys' experience and knowledge of these types of cases. Though all Plaintiffs' counsel have diligently investigated and researched this matter, they have agreed that Mr. Stranch should be named interim lead counsel. *Id.* ¶ 7.

    2. Proposed Interim Lead Counsel Has a Wealth of Knowledge and Experience in Similar Consumer Class Actions.

Mr. Stranch has significant experience litigating consumer class actions, including data breach class actions, and often serves in leadership roles.[1] Indeed, Mr. Stranch has significant knowledge of the claims and defenses brought in data breach class actions specifically because he has litigated these matters in courts across the country. *See*, *e.g.*, *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *In re CorrectCare Data Breach Litig.*,

---

[1] In addition to his experience in data breach litigation, Mr. Stranch has significant class action experience in other topic areas. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-MD-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, MDL No. 13-02419-RWZ (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388–EFH (D. Mass.) a case that resulted in a $590.5 million settlement shortly before trial. Mr. Stranch is engaged in litigation in Massachusetts District Court on behalf of plaintiffs in *In re Telexfree Securities Litigation*, No. 4:14-md-02566-TSH (D. Mass.) (MDL involving one of history's largest pyramid and Ponzi schemes, resulting in $95 million settlement against one of the Defendants, TD Bank).

No. 5:22-319-DCR (appointed interim co-lead counsel); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees), and *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action); *Goodlett v. Brown-Forman*, No. 20-CI-005631 (Jefferson Cty. Ky. Cir. Ct.); *Reese v. Teen Challenge Training Ctr., Inc.,* No. 210400093 (Phil. Cty. Pa. Ct. Comm. Pl.) (final approval granted Nov. 14, 2023); *Black v. Smith Transport, Inc.*, No. 2022 GM 3110 (Blair Cty. Pa. Ct. Comm. Pl.); *Wermann, et al. v. Med. Assoc. Lehigh Valley, P.C.*, No. 2022-C-2356 (Lehigh Cty. Pa. Ct. Comm. Pl.) (finalizing settlement negotiations). For more information of the qualifications of Mr. Stranch and his team, see the Stranch, Jennings & Garvey PLLC Firm Resume, attached hereto as **Exhibit A**.

3. Proposed Interim Lead Counsel Can, Has, and Will Work Well with Opposing Counsel and other Plaintiffs' Counsel.

Mr. Stranch is well positioned to negotiate and work with opposing counsel, as he has done in the many other cases he has engaged in, including data breach matters that have resulted in significant settlements for class members. *See*, *e.g.*, *Monegato v. Fertility Centers of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cit. Ct.); *McKenzie v. Allconnect, Inc.*, No. 5:18-cv-00359 (E.D. Ky) (data breach class action settlement providing $100 direct cash payments to every single class member without the need for any claim form submission); *Slos v. Select Health Network*, No. 71D05-2022-PL-000060 (St. Joseph Super. Ct.); *Jones v. Methodist Hosp., Inc.*, No. 45C01-1911-CT-001201 (Lake Cty. Super. Ct.); *Baldwin v. Nat'l W. Life Ins. Co.*, No. 2:21-cv-04066-WJE (W.D. Mo.); *In re BJC Healthcare Data Breach Litig.*, No. 2022-CC09492 (Mo. Cir. Ct.); *Marshall v. Conway Reg. Med. Ctr., Inc.*, No. 23CV-20-771 (Ark. Cir. Ct.); *Crawford v. thyssenkrupp Materials NA, Inc.*, No. 2122-CC00411 (Mo. Cir. Ct.) (same); *Carr v. Beaumont*

*Health*, No. 2020-181002- NZ (Mich. Cir. Ct.); *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct.); *Larson v. Aditi Consulting, LLC*, No. 22-2-03572-2 (King Cty., Wash. Sup. Ct.); *Carr v. S. Country Health Alliance*, No. 74-CV-21-632 (Steele Cty. Minn. Dist. Ct.); *Owens v. U.S. Radiology Specialists, et al.*, No. 22 CVS 17797 (Mecklenburg, N.C. Sup. Ct.); *Gilbert v. BioPlus Specialty Pharmacy Servs., LLC*, No. 6:21-cv-02158 (M.D. Fl.); *In re CorrectCare Data Breach Litig.*, No. 5: 22-319-DCR (E.D. Ky.); *Martinez v. Presbyterian Healthcare Services*, No. D-202-CV-2020-01578 (Dist. Ct. of Bernalillo Cty. New Mexico); *In re Goodman Campbell Brain & Spine Data Inc. Litig.*, No. 49D01-2207-PL-024807 (Super. Ct. of Marion Cty., Indiana); *Lytle v. Revance Therapeutics*, No. 23C1897 (Cir. Ct. of Davidson Cty., Tennessee); *Kerr v. Andrews McMeel Universal, Inc.*, No. No 2316-CV12523 (Cir. Ct. Jackson Cty. Missouri); *Cain et al. v. CGM, L.L.C*, No. 1:23-cv-02604 (N.D. Ga).

Moreover, Mr. Stranch is well able to coordinate among, and work with, Plaintiffs' counsel, as is evidenced by the agreement reached among counsel to appoint Mr. Stranch as their lead. Decl. of J. Gerard Stranch, IV, ¶ 7 (explaining that Plaintiffs' counsel have conferred and agreed the Mr. Stranch should lead the proposed class). For these reasons, the Court should recognize Plaintiffs' counsel's agreement and appoint J. Gerard Stranch, IV, as interim lead counsel.

    4. Proposed Interim Lead Counsel Has Sufficient Resources to Represent the Class in This Action.

As is evident by the numerous larger data breach class actions that Mr. Stranch has handled, Stranch, Jennings & Garvey, PLLC possesses sufficient resources to represent the putative class action in this matter. Moreover, to the extent additional resources are necessary, the other Plaintiffs' counsel will similarly provide the necessary resources to ensure this matter can be litigated to its natural conclusion. Decl. of J. Gerard Stranch, IV, ¶ 8.

Though this matter involves only two class actions, the appointment of a formal lead, in accordance with Plaintiffs' counsel's agreement, will facilitate the most efficient resolution of these cases and will further the first rule of civil procedure. Fed. R. Civ. P. 1 (explaining that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The Court should grant Plaintiffs' motion.

### III. Conclusion

For the foregoing reasons, the Court should consolidate the two pending actions in the first-filed matter—case number 3:24-cv-00545. Both matters present the same questions of fact and law, and stem from the same Data Breach. Moreover, the two complaints propose effectively identical class definitions. Moreover, the Court should appoint J. Gerard Stranch, IV, of Stranch, Jennings & Garvey, PLLC as Interim Lead Counsel, an appointment for which the various Plaintiffs' counsel have all agreed. Lastly, Plaintiffs request that the Court Order include a 30-day deadline for Plaintiffs to file a Consolidated Class Action Complaint and that Defendant shall 30-day deadline to respond.

Dated: June 6, 2024

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR 23045)
Grayson Wells (BPR 039658)
Andrew E. Mize (*pro hac vice*)
**Stranch, Jennings & Garvey, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
amize@stranchlaw.com

Lynn A. Toops (*pro hac vice*)

Amina A. Thomas (*pro hac vice*)
**Cohen & Malad, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

Samuel J. Strauss (*pro hac vice*)
Raina Borelli (*pro hac vice*)
**STRAUSS BORELLI PLLC**

908 N. Michigan Avenue, Suite 1610
Chicago Illinois 60611
Tel: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Jeff Ostrow
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
65 Overhill Road
Bala Cynwyd, PA 19004
Tel: (954) 525-4100
ostrow@kolawyers.com

Andrew J. Shamis
**SHAMIS & GENTILE, PA**
14 NE 1st Avenue, Suite 1205
Miami, FL 33132
Tel: (305) 479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiffs and the Proposed Class*

10

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via email via the CM/ECF system on all counsel of record on this 6th day of June, 2024 upon the following:

**E. Todd Presnell**
**Kimberly Michelle Ingram-Hogan**
Bradley Arant Boult Cummings LLP
1221 Broadway, Ste. 2400
Nashville, TN 37203
T: 615-252-2355
E: tpresnell@bradley.com
E: kingram@bradley.com

/s/ J. Gerard Stranch, IV
J. Gerard Stranch, IV